CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

AGUSTIN HERNANDEZ LOPEZ, ANGEL YOVANI HERRERA RIVERA, JEVER VELAZQUEZ CARDOSO, JOSE LUIS VAZQUEZ ANASTACIO, JUAN ANASTACIO MARTINEZ, JUAN LEON MORALES, and ROBERTO VALLADARES HUERTA, *individually and on behalf of others similarly situated,*

*Plaintiffs*,

-against-

1051 FOOD CORP. (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 1051 OGDEN LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), JEROME FRIED CHICKEN CORP (D/B/A KENNEDY CHICKEN AND PIZZA), 2487 JEROME LLC (D/B/A KENNEDY CHICKEN AND PIZZA), A & Z FAST FOOD LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 919 FAST FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 PIZZA LLC (D/B/A KENNEDY CHICKEN & GRILL), 1956 JEROME LLC (D/B/A KENNEDY CHICKEN AND GRILL), 2475 FOOD LLC (D/B/A KENNEDY CHICKEN AND GRILL), ABDUL KAYUM, NAZIR A YUSUFZAI A.K.A. AHMAD, and PABLO HERNANDEZ CALDERON,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Agustin Hernandez Lopez, Angel Yovani Herrera Rivera, Jever Velazquez Cardoso, Jose Luis Vazquez Anastacio, Juan Anastacio Martinez, Juan Leon Morales, and Roberto Valladares Huerta, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against 1051 Food Corp. (d/b/a Kennedy Fried Chicken and Pizza), 1051 Ogden LLC (d/b/a Kennedy Fried Chicken and Pizza), Jerome Fried Chicken Corp (d/b/a Kennedy Chicken and Pizza), 2487 Jerome LLC (d/b/a Kennedy Chicken and Pizza), A & Z Fast Food LLC (d/b/a Kennedy Fried Chicken and Pizza), 919 Fast Food Corp. (d/b/a Kennedy Chicken & Grill), 921 Food Corp. (d/b/a Kennedy Chicken & Grill), 921 Pizza LLC (d/b/a Kennedy Chicken & Grill), 1956 Jerome LLC (d/b/a Kennedy Chicken and Grill), 2475 Food LLC (d/b/a Kennedy Chicken and Grill), ("Defendant Corporations"), Abdul Kayum, Nazir A Yusufzai a.k.a Ahmad, and Pablo Hernandez Calderon, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1. Plaintiffs are former employees of Defendants 1051 Food Corp. (d/b/a Kennedy Fried Chicken and Pizza), 1051 Ogden LLC (d/b/a Kennedy Fried Chicken and Pizza), Jerome Fried Chicken Corp (d/b/a Kennedy Chicken and Pizza), 2487 Jerome LLC (d/b/a Kennedy Chicken and Pizza), A & Z Fast Food LLC (d/b/a Kennedy Fried Chicken and Pizza), 919 Fast Food Corp. (d/b/a Kennedy Chicken & Grill), 921 Food Corp. (d/b/a Kennedy Chicken & Grill), 921 Pizza LLC (d/b/a Kennedy Chicken & Grill), 1956 Jerome LLC (d/b/a Kennedy Chicken and Grill), 2475 Food LLC (d/b/a Kennedy Chicken and Grill), Abdul Kayum, Nazir A Yusufzai a.k.a Ahmad, and Pablo Hernandez Calderon.

2. Defendants own, operate, or control fast food restaurants under the names, "Kennedy Fried Chicken and Pizza", located at 1051 Ogden Avenue, Bronx, NY 10452, and 35 E 170 Street,

Bronx, NY 10452, "Kennedy Chicken and Grill", located at 919 E 174th Street, Bronx, NY 10460, and 13A East Tremont Ave Bronx, NY 10453, "Kennedy Chicken and Pizza", located at 2487 Jerome Avenue, Bronx, NY 10468, and "Kennedy Fried Chicken", located at 921 E 174 Street, Bronx, NY 10460.

3. Upon information and belief, individual Defendants Abdul Kayum, Nazir A Yusufzai a.k.a. Ahmad, and Pablo Hernandez Calderon, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4. Plaintiffs were employed as pizza makers, food preparers, cooks, a counter person, a cashier, and a dishwasher, at the restaurants located at 1051 Ogden Avenue, Bronx, NY 10452, 35 E 170 Street, Bronx, NY 10452, 919 E 174th Street, Bronx, NY 10460, 13A E Tremont Avenue, Bronx, NY 10453, 2487 Jerome Avenue, Bronx, NY 10468, and 921 E 174 Street, Bronx, NY 10460.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants also failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8. Furthermore, Defendants failed to pay Plaintiffs wages on a timely basis.

9. In this regard, Defendants have failed to provide timely wages to Plaintiffs Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a fast-food restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15. Plaintiff Agustin Hernandez Lopez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Bronx County, New York.

16. Plaintiff Hernandez was employed by Defendants at Kennedy Fried Chicken and Pizza, Kennedy Chicken and Pizza, Kennedy Fried Chicken, and Kennedy Chicken and Grill from approximately February 2019 until on or about February 10, 2024.

17. Plaintiff Angel Yovani Herrera Rivera ("Plaintiff Herrera" or "Mr. Herrera") is an adult individual residing in Bronx County, New York.

18. Plaintiff Herrera was employed by Defendants at Kennedy Fried Chicken and Pizza, Kennedy Chicken and Pizza, Kennedy Fried Chicken, and Kennedy Chicken and Grill from approximately September 2019 until on or about February 10, 2024.

19. Plaintiff Jever Velazquez Cardoso ("Plaintiff Velazquez" or "Mr. Velazquez") is an adult individual residing in Bronx County, New York.

20. Plaintiff Velazquez was employed by Defendants at Kennedy Fried Chicken and Pizza, Kennedy Chicken and Pizza, Kennedy Fried Chicken, and Kennedy Chicken and Grill from approximately February 2020 until on or about February 10, 2024.

21. Plaintiff Jose Luis Vazquez Anastacio ("Plaintiff Vazquez" or "Mr. Vazquez") is an adult individual residing in Bronx County, New York.

22. Plaintiff Vazquez was employed by Defendants at Kennedy Fried Chicken and Pizza, Kennedy Chicken and Pizza, Kennedy Fried Chicken, and Kennedy Chicken and Grill from approximately July 2020 until on or about February 10, 2024.

23. Plaintiff Juan Anastacio Martinez ("Plaintiff Anastacio" or "Mr. Anastacio") is an adult individual residing in Bronx County, New York.

24. Plaintiff Anastacio was employed by Defendants at both Kennedy Fried Chicken and Pizza locations, from approximately September 2022 until on or about February 10, 2024.

25. Plaintiff Juan Leon Morales ("Plaintiff Leon" or "Mr. Leon") is an adult individual residing in Bronx County, New York.

26. Plaintiff Leon was employed by Defendants at Kennedy Fried Chicken and Pizza, Kennedy Fried Chicken, and Kennedy Chicken and Grill from approximately March 2022 until on or about February 10, 2024.

27. Plaintiff Roberto Valladares Huerta ("Plaintiff Valladares" or "Mr. Valladares") is an adult individual residing in Bronx County, New York.

28. Plaintiff Valladares was employed by Defendants at Kennedy Fried Chicken and Pizza, Kennedy Chicken and Pizza, Kennedy Fried Chicken, and Kennedy Chicken and Grill from approximately January 2022 until on or about February 10, 2024.

*Defendants*

29. At all relevant times, Defendants own, operate, or control fast food restaurants, "Kennedy Fried Chicken and Pizza", located at 1051 Ogden Avenue, Bronx, NY 10452, and 35 E 170 Street, Bronx, NY 10452, "Kennedy Chicken and Grill", located at 919 E 174th Street, Bronx, NY 10460, and 13A East Tremont Ave Bronx, NY 10453, "Kennedy Chicken and Pizza", located at 2487 Jerome Avenue, Bronx, NY 10468, and "Kennedy Fried Chicken" located at 921 E 174 Street, Bronx, NY 10460.

30. Upon information and belief, 1051 Food Corp. (d/b/a Kennedy Fried Chicken and Pizza) is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 1051 Ogden Avenue, Bronx, NY 10452.

31. Upon information and belief, 1051 Ogden LLC (d/b/a Kennedy Fried Chicken and Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1051 Ogden Avenue, Bronx, NY 10452.

32. Upon information and belief, Jerome Fried Chicken Corp (d/b/a Kennedy Chicken and Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2487 Jerome Avenue, Bronx, NY 10468.

33. Upon information and belief, 2487 Jerome LLC (d/b/a Kennedy Chicken and Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2487 Jerome Avenue, Bronx, NY 10468.

34. Upon information and belief, A & Z Fast Food LLC (d/b/a Kennedy Fried Chicken and Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 35 E 170 Street, Bronx, NY 10452.

35. Upon information and belief, 919 Fast Food Corp. (d/b/a Kennedy Chicken & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 919 E 174 Street, Bronx, NY 10460.

36. Upon information and belief, 921 Food Corp. (d/b/a Kennedy Chicken & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 921 E 174 Street, Bronx, NY 10460.

37. Upon information and belief, 921 Pizza LLC (d/b/a Kennedy Chicken & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 921 E 174 Street, Bronx, NY 10460.

38. Upon information and belief, 1956 Jerome LLC (d/b/a Kennedy Chicken and Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 13A E Tremont Avenue, Bronx, NY 10453.

39. Defendant Abdul Kayum is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abdul Kayum is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Abdul Kayum possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

40. Defendant Nazir A Yusufzai a.k.a. Ahmad is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nazir A Yusufzai a.k.a. Ahmad is sued individually in his capacity as owner, officer and/or agent of

Defendant Corporations. Defendant Nazir A Yusufzai a.k.a. Ahmad possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

41. Defendant Pablo Hernandez Calderon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pablo Hernandez Calderon is sued individually in his capacity as a manager of Defendant Corporations. Defendant Pablo Hernandez Calderon possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

42. Defendants operate a fast-food restaurant located in various neighborhoods in the Bronx.

43. Individual Defendants, Abdul Kayum, Nazir A Yusufzai a.k.a. Ahmad, and Pablo Hernandez Calderon, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

44. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

45. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

46. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

47. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

48. Upon information and belief, Individual Defendants Abdul Kayum and Nazir A Yusufzai a.k.a. Ahmad operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

49. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

50. In each year from 2019 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

51. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

52. Plaintiffs are former employees of Defendants who were employed as pizza makers, food preparers, cooks, a counter person, a cashier, and a dishwasher.

53. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Agustin Hernandez Lopez*

54. Plaintiff Hernandez was employed by Defendants from approximately February 2019 until on or about February 10, 2024.

55. Defendants employed Plaintiff Hernandez as a pizza maker and food preparer.

56. Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

57. Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

58. Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

59. Plaintiff Hernandez worked at all Defendants' locations.

60. From approximately March 2019 until on or about November 2023, Plaintiff Hernandez worked from approximately 9:00 a.m. until on or about 9:00 p.m., 6 days a week (typically 72 hours per week).

61. From approximately December 2023 until on or about December 2023, Plaintiff Hernandez worked from approximately 9:00 a.m. until on or about 9:00 p.m., 7 days a week (typically 84 hours per week).

62. From approximately January 2024 until on or about February 10, 2024, Plaintiff Hernandez worked from approximately 9:00 a.m. until on or about 9:00 p.m., 6 days a week (typically 72 hours per week).

63. Throughout his employment, Defendants paid Plaintiff Hernandez his wages in cash.

64. From approximately March 2019 until on or about February 10, 2024, Defendants paid Plaintiff Hernandez $14.00 per hour, for all hours.

65. For the last week of work, Defendants did not pay Plaintiff Hernandez any wages for his work.

66. Defendants never granted Plaintiff Hernandez any breaks or meal periods of any kind.

67. Approximately starting in 2022, Plaintiff Hernandez was required to keep track of his time, although Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Hernandez was not compensated appropriately for all of the hours that he worked.

68. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

69. Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

70. Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71. As a result of Defendants' failure to provide Plaintiff Hernandez with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Angel Yovani Herrera Rivera*

72. Plaintiff Herrera was employed by Defendants from approximately September 2019 until on or about February 10, 2024.

73. Defendants employed Plaintiff Herrera as a pizza maker, a cashier, and a dishwasher.

74. Plaintiff Herrera regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

75. Plaintiff Herrera's work duties required neither discretion nor independent judgment.

76. Throughout his employment with Defendants, Plaintiff Herrera regularly worked in excess of 40 hours per week.

77. Plaintiff Herrera worked in all locations.

78. From approximately September 2019 until on or about February 10, 2024, Plaintiff Herrera worked from approximately 9:00 a.m. until on or about 9:00 p.m., 5 days a week (typically 60 hours per week).

79. Throughout his employment, Defendants paid Plaintiff Herrera his wages in cash.

80. From approximately September 2019 until on or about February 10, 2024, Defendants paid Plaintiff Herrera $14.00 per hour for all hours worked.

81. For the last week of work, Defendants did not pay Plaintiff Herrera any wages for his work.

82. Defendants never granted Plaintiff Herrera any breaks or meal periods of any kind.

83. Approximately starting in 2022, Plaintiff Herrera was required to keep track of his time, although Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Herrera was not compensated properly for all of the hours that he worked.

84. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Herrera regarding overtime and wages under the FLSA and NYLL.

85. Defendants did not provide Plaintiff Herrera an accurate statement of wages, as required by NYLL 195(3).

86. Defendants did not give any notice to Plaintiff Herrera, in English and in Spanish (Plaintiff Herrera's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

87. As a result of Defendants' failure to provide Plaintiff Herrera with a Notice of Pay

Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Jever Velazquez Cardoso*

88. Plaintiff Velazquez was employed by Defendants from approximately February 2020 until on or about February 10, 2024.

89. Defendants employed Plaintiff Velazquez as pizza maker, a counter person, a food preparer, and a cook.

90. Plaintiff Velazquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

91. Plaintiff Velazquez's work duties required neither discretion nor independent judgment.

92. Throughout his employment with Defendants, Plaintiff Velazquez regularly worked in excess of 40 hours per week.

93. Plaintiff Velazquez worked in all locations.

94. From approximately February 2020 until on or about February 10, 2024, Plaintiff Velazquez worked from approximately 9:00 a.m. until on or about 9:00 p.m., 6 days (typically 72 hours per week) two weeks per month, and from approximately 9:00 a.m. until on or about 9:00 p.m., 7 days a week (typically 84 hours per week) the remaining two weeks per month.

95. Throughout his employment, Defendants paid Plaintiff Velazquez his wages in cash.

96. From approximately February 2020 until on or about February 10, 2024, Defendants paid Plaintiff Velazquez $14.00 per hour for all hours worked.

97. For the last week of work, Defendants did not pay Plaintiff Velazquez any wages for his work.

98. Defendants never granted Plaintiff Velazquez any breaks or meal periods of any kind.

99. Approximately starting in 2022, Plaintiff Velazquez was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Velazquez was not compensated properly for all of the hours that he worked.

100. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Velazquez regarding overtime and wages under the FLSA and NYLL.

101. Defendants did not provide Plaintiff Velazquez an accurate statement of wages, as required by NYLL 195(3).

102. Defendants did not give any notice to Plaintiff Velazquez, in English and in Spanish (Plaintiff Velazquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

103. As a result of Defendants' failure to provide Plaintiff Castillo with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Jose Luis Vazquez Anastacio*

104. Plaintiff Vazquez was employed by Defendants from approximately July 2020 until on or about February 10, 2024.

105. Defendants employed Plaintiff Vazquez as a pizza maker, a food preparer, and a cashier.

106. Plaintiff Vazquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

107. Plaintiff Vazquez's work duties required neither discretion nor independent judgment.

108. Throughout his employment with Defendants, Plaintiff Vazquez regularly worked in excess of 40 hours per week.

109. Plaintiff Vazquez worked in all locations.

110. From approximately July 2020 until on or about February 10, 2024, Plaintiff Vazquez worked from approximately 9:00 a.m. until on or about 9:00 p.m., 6 days a week (typically 72 hours per week), one week per month, and from approximately 9:00 a.m. until on or about 9:00 p.m., 7 days a week (typically 82 hours per week), three weeks per month.

111. Throughout his employment, Defendants paid Plaintiff Vazquez his wages in cash.

112. From approximately July 2020 until on or about February 10, 2024, Defendants paid Plaintiff Vazquez $14.00 per hour, for all hours worked.

113. For approximately Plaintiff's Vazquez last two weeks of work, Defendants did not pay Plaintiff Vazquez any wages for his work.

114. Defendants never granted Plaintiff Vazquez any breaks or meal periods of any kind.

115. Although, Plaintiff Vazquez was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Vazquez was not compensated properly for all of the hours that he worked.

116. On at least one occasion, Defendants required Plaintiff Vazquez to sign a document, the contents of which he was not allowed to review in detail.

117. Defendants took improper and illegal deductions of Plaintiff Vazquez's wages; specifically, Defendants deducted from Plaintiff Vaquez's weekly wages for pizzas that would be prepared incorrectly.

118. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Vazquez regarding overtime and wages under the FLSA and NYLL.

119. Defendants did not provide Plaintiff Vazquez an accurate statement of wages, as required by NYLL 195(3).

120. Defendants did not give any notice to Plaintiff Vazquez, in English and in Spanish (Plaintiff Vazquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

121. As a result of Defendants' failure to provide Plaintiff Vazquez with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Juan Anastacio Martinez*

122. Plaintiff Anastacio was employed by Defendants from approximately September 2022 until on or about February 10, 2024.

123. Defendants employed Plaintiff Anastacio as a cook.

124. Plaintiff Anastacio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

125. Plaintiff Anastacio's work duties required neither discretion nor independent judgment.

126. Throughout his employment with Defendants, Plaintiff Anastacio regularly worked in excess of 40 hours per week.

127. Plaintiff Anastacio worked at both Kenndy Fried Chicken and Pizza locations.

128. From approximately September 2022 until on or about February 10, 2024, Plaintiff Anastacio worked from approximately 5:00 p.m. until on or about 3:00 a.m., 4 days a week and from approximately 5:00 p.m. until on or about 4:00 a.m., 2 days a week (typically 62 hours per week).

129. Throughout his employment, Defendants paid Plaintiff Anastacio his wages in cash.

130. From approximately September 2022 until on or about February 10, 2024, Defendants paid Plaintiff Anastacio $14.00 per hour, for all hours worked.

131. Defendants never granted Plaintiff Anastacio any breaks or meal periods of any kind.

132. Although Defendants maintained a time tracking device, Plaintiff Anastacio was not allowed to punch in/out to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device that accurately reflected his actual hours worked.

133. Defendants took improper and illegal deductions of Plaintiff Anastacio’s wages; specifically, Defendants deducted an hour from Plaintiff Anastacio's weekly wages for being at minimum five minutes late to his shift.

134. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Anastacio regarding overtime and wages under the FLSA and NYLL.

135. Defendants did not provide Plaintiff Anastacio an accurate statement of wages, as required by NYLL 195(3).

136. Defendants did not give any notice to Plaintiff Anastacio of his rate of pay, employer’s regular pay day, and such other information as required by NYLL §195(1).

137. As a result of Defendants' failure to provide Plaintiff Anastacio with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Juan Leon Morales*

138. Plaintiff Leon was employed by Defendants from approximately March 2022 until on or about February 10, 2024.

139. Defendants employed Plaintiff Leon as food preparer and a cashier.

140. Plaintiff Leon regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

141. Plaintiff Leon's work duties required neither discretion nor independent judgment.

142. Throughout his employment with Defendants, Plaintiff Leon regularly worked in excess of 40 hours per week.

143. Plaintiff Leon worked at both Kennedy Fried Chicken and Pizza locations, both Kennedy Chicken & Grill locations, and the Kennedy Fried Chicken located in 174th Street.

144. From approximately March 2022 until on or about February 10, 2024, Plaintiff Leon worked from approximately 5:00 p.m. until on or about 3:00 a.m. to 4:00 a.m., 7 days a week (typically 70 to 77 hours per week).

145. Throughout his employment, Defendants paid Plaintiff Leon his wages in cash.

146. From approximately March 2022 until on or about February 10, 2024, Defendants paid Plaintiff Leon $14.00 per hour, for all hours worked.

147. For approximately the last week of work, Defendants did not pay Plaintiff Leon any wages for his work.

148. Defendants never granted Plaintiff Leon any breaks or meal periods of any kind.

149. Although Plaintiff Leon was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Leon was not compensated properly for all of the hours that he worked.

150. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Leon regarding overtime and wages under the FLSA and NYLL.

151. Defendants did not provide Plaintiff Leon an accurate statement of wages, as required by NYLL 195(3).

152. Defendants did not give any notice to Plaintiff Leon, in English and in Spanish (Plaintiff Leon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

153. As a result of Defendants' failure to provide Plaintiff Leon with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Roberto Valladares Huerta*

154. Plaintiff Valladares was employed by Defendants from approximately January 2022 until on or about February 10, 2024.

155. Defendants employed Plaintiff Valladares as a pizza maker, a food preparer, and a cook.

156. Plaintiff Valladares regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

157. Plaintiff Valladares's work duties required neither discretion nor independent judgment.

158. Throughout his employment with Defendants, Plaintiff Valladares regularly worked in excess of 40 hours per week.

159. Plaintiff Valladares worked in all locations.

160. From approximately January 2022 until on or about February 10, 2024, Plaintiff Valladares worked approximately 9:00 a.m. until on or about 9:00 p.m., 6 days a week (typically 72 hours per week).

161. Throughout his employment, Defendants paid Plaintiff Valladares his wages in cash.

162. From approximately January 2022 until on or about February 10, 2024, Defendants paid Plaintiff Valladares approximately $680 to $780 per week.

163. For approximately four days of work, Defendants did not pay Plaintiff Valladares any wages for his work.

164. Defendants never granted Plaintiff Valladares any breaks or meal periods of any kind.

165. Although Plaintiff Valladares was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Valladares was not compensated appropriately for all of the hours that he worked.

166. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valladares regarding overtime and wages under the FLSA and NYLL.

167. Defendants did not provide Plaintiff Valladares an accurate statement of wages, as required by NYLL 195(3).

168. Defendants did not give any notice to Plaintiff Valladares, in English and in Spanish (Plaintiff Valladares's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

169. As a result of Defendants' failure to provide Plaintiff Valladares with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

170. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

171. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

172. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

173. Defendants' time keeping system did not reflect the actual hours that Plaintiff Hernandez worked.

174. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

175. On at least one occasion, Defendants required Plaintiff Vazquez to sign a document the contents of which he was not allowed to review in detail. Defendants paid Plaintiffs their wages in cash.

176. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

177. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

178. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

179. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

180. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

181. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary

language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

182. As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

183. Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

184. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

185. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

186. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

187. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

188. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

189. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

190. Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

191. Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

192. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

193. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

194. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

195. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

196. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

197. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

198. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

199. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

200. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

201. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

202. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

203. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

204. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

205. Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

206. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

207. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

208. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

209. Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

210. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

211. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

212. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL §195.

213. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

214. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

215. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

216. As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

217. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW YORK LABOR LAW**

218. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

219. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

220. Defendants made unlawful deductions from Plaintiffs' wages; specifically, Defendants deducted from Plaintiff X weekly wages for wrong pizza orders.

221. The deductions made from Plaintiffs' wages were not authorized or required by law.

222. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

Plaintiffs were damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW**

223. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

224. Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

225. Defendants are liable to each Plaintiff in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount

equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l) Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(m) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(n) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(o) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(p) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r) Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(s) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(t) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 21, 2025

CSM LEGAL, P.C

By: /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com


August 15, 2024

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Agustin Hernandez Lopez

Legal Representative / Abogado: CSM Legal, P.C.

Signature / Firma: [signature]

Date / Fecha: 15 de agosto 2024

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com


August 15, 2024

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Angel Jovani Herrera Rivera

Legal Representative / Abogado: CSM Legal, P.C.

Signature / Firma: Angel R

Date / Fecha: 15 de Febrero 2024

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com


August 15, 2024

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Jever Velazquez Cardoso

Legal Representative / Abogado: CSM Legal, P.C.

Signature / Firma: [signature]

Date / Fecha: 15 de agosto 2024

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com


February 15, 2024

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Jose Luis Vazquez Anastacio

Legal Representative / Abogado: CSM Legal, P.C.

Signature / Firma: ______________________

Date / Fecha: 15 de Febrero 2024

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 15, 2024

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Juan Anastacio Martinez

Legal Representative / Abogado: CSM Legal, P.C.

Signature / Firma: ______________________

Date / Fecha: 15 de Febrero 2024

CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

August 15, 2024

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Juan Leon Morales

Legal Representative / Abogado: CSM Legal, P.C.

Signature / Firma: ______________________

Date / Fecha: 15 de Febrero 2024

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com


February 15, 2024

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Pablo Jesus Hernandez Calderon

Legal Representative / Abogado: CSM Legal, P.C.

Signature / Firma: ______________________

Date / Fecha: 15 de Febrero 2024

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com


August 15, 2024

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Roberto Valladares Huerta

Legal Representative / Abogado: CSM Legal, P.C.

Signature / Firma: Roberto

Date / Fecha: 15 de Febrero 2024