UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X

AGUSTIN HERNANDEZ LOPEZ, ANGEL YOVANI HERRERA RIVERA, JEVER VELAZQUEZ CARDOSO, JOSE LUIS VAZQUEZ ANASTACIO, JUAN ANASTACIO MARTINEZ, JUAN LEON MORALES, and ROBERTO VALLADARES HUERTA, *individually and on behalf of others similarly situated*,

Case No.: 1:25-cv-02377-ALC

Plaintiffs,

-against-

1051 FOOD CORP. (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 1051 OGDEN LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), JEROME FRIED CHICKEN CORP (D/B/A KENNEDY CHICKEN AND PIZZA), 2487 JEROME LLC (D/B/A KENNEDY CHICKEN AND PIZZA), A&Z FAST FOOD LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 919 FAST FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 PIZZA LLC (D/B/A KENNEDY CHICKEN & GRILL), 1956 JEROME LLC (D/B/A KENNEDY CHICKEN AND GRILL), 2475 FOOD LLC (D/B/A KENNEDY CHICKEN AND GRILL), ABDUL KAYUM, NAZIR A YUSUFZAI A.K.A AHMAD, and PABLO HERNANDEZ CALDERON,

Defendants.

-------------------------------------------X

**DECLARATION OF JOSEPH DIEGO TAYLOR, ESQ.**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

I, Joseph Diego Taylor, Esq., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1. I am an attorney duly admitted to practice before this Court and associated with the law firm Davidoff Hutcher & Citron LLP, counsel for defendants 1051 FOOD CORP., 1051 OGDEN LLC, 2487 JEROME LLC, A&Z FAST FOOD LLC , 919 FAST FOOD CORP., 921 PIZZA LLC, 1956 JEROME LLC, 2475 FOOD LLC, ABDUL KAYUM, and NAZIR A

YUSUFZAI A.K.A Ahmad (hereinafter the "Moving Defendants") in the above-captioned matter. I submit this declaration in support of Moving Defendants' motion to disqualify Plaintiffs' counsel, Faillace & Associates and Michael Faillace, Esq.

2. As set forth in the accompanying Declaration of Abdul Kayum, dated July 28, 2025 (the "Kayum Dec."), Defendant Pablo Hernandez Calderon was the sole operator of defendant 921 Pizza LLC at all times relevant to the Plaintiffs' purported claims. Kayum Dec., ¶ 9.

3. Indeed, Defendant Calderon closed 921 Pizza LLC for business on February 10, 2024, which is the same date all of the Plaintiffs alleged they ceased working for the Moving Defendants. See, Kayum Dec., ¶ 12 and Dckt. No. 1 [Complaint], ¶¶ 54, 72, 88, 104, 122, 138, 154.

4. Four days later, he was in Counsel's office, signing a consent to join **this action** as a plaintiff. See, Kayum Dec., **Ex. A**.

5. By March 5, 2024, all of the time records for 921 Pizza LLC were destroyed and the entity was dissolved. See, Kayum Aff., ¶ 14.

6. Despite being retained on February 14, 2024, Counsel waited thirteen months to commence this wage and hour action, filing it on March 21, 2025.

7. This despite the fact that 921 Pizza LLC had closed and the applicable FLSA look-back period is only two years.

8. Plaintiffs' counsel never disclosed their prior representation of Defendant Pablo Calderon, nor did they seek informed consent from him – or 921 Pizza LLC, let alone notify the Court of the conflict. This conflict only came to light due to the inadvertent inclusion of Calderon's signed Consent Form in the Complaint filing. See, **Ex. A.**

9. But for this error, the conflict would have remained hidden, depriving the Court and Moving Defendants of critical information bearing on the integrity of these proceedings.

10. There is no reasonable explanation for the delay in filing the Complaint other than to create distance between the alleged misconduct and the litigation, thereby impairing memory and frustrating efforts to uncover the truth.

11. Further questioning the validity of the claims is the joint and several liability nature of recovery, along with Defendant Calderon's lack of response to the Complaint.

12. It is incredible to suggest that an individual who anticipated participating in this action as a plaintiff would simply ignore service of a Complaint in which he is named as a defendant.

13. Defendant Calderon could strategically default in this matter without facing any meaningful risk of judgment enforcement—effectively shielding himself from liability while Plaintiffs' counsel focuses their efforts on pursuing the Moving Defendants.

14. Plaintiffs' counsel claims to have ceased representing Calderon on February 20, 2024. A true and accurate copy of the purported disengagement letter is annexed hereto as **Exhibit D**.

15. However, the purported disengagement letter lacks detail, and there is no evidence it was ever sent or communicated to Defendant Calderon.

16. Even if it were, the letter confirms that Counsel represented Calderon for at least a week—during which time he was in their office and discussed the very claims now at issue.

17. Counsel's lack of candor creates a clear inference of impropriety that taints the very basis of the allegations, let alone a potential trial.

18. Calderon's conduct—destroying records, initiating litigation, and maintaining a relationship with Plaintiffs' counsel—reflects a personal vendetta and a coordinated effort to harm the Moving Defendants.

19. Whether Calderon destroyed the time records of 921 Pizza LLC before or after engaging Plaintiffs' counsel is a critical question that further supports the need for disqualification and investigation.

20. For these reasons, and those set forth in the accompanying memorandum of law, disqualification of Plaintiffs' counsel is necessary to preserve the integrity of these proceedings and prevent further prejudice to the Moving Defendants.

Dated: July 28, 2025
New York, New York

**DAVIDOFF HUTCHER & CITRON LLP**

By: ______________________________
Joseph Diego Taylor, Esq.
Andreas Koutsoudakis, Esq.
*Attorneys for Defendants 1051 FOOD CORP., 1051 OGDEN LLC, 2487 JEROME LLC, A&Z FAST FOOD LLC , 919 FAST FOOD CORP., 921 PIZZA LLC, 1956 JEROME LLC, 2475 FOOD LLC, ABDUL KAYUM, and NAZIR A YUSUFZAI*
605 Third Avenue
New York, New York 10158
Tel.: (646) 428-3113/3235
Fax: (212) 286-1884
Email: jdt@dhclegal.com
Email: aak@dhclegal.com