UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X

AGUSTIN HERNANDEZ LOPEZ, ANGEL YOVANI HERRERA RIVERA, JEVER VELAZQUEZ CARDOSO, JOSE LUIS VAZQUEZ ANASTACIO, JUAN ANASTACIO MARTINEZ, JUAN LEON MORALES, and ROBERTO VALLADARES HUERTA, *individually and on behalf of others similarly situated*,

Plaintiffs,

-against-

1051 FOOD CORP. (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 1051 OGDEN LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), JEROME FRIED CHICKEN CORP (D/B/A KENNEDY CHICKEN AND PIZZA), 2487 JEROME LLC (D/B/A KENNEDY CHICKEN AND PIZZA), A&Z FAST FOOD LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 919 FAST FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 PIZZA LLC (D/B/A KENNEDY CHICKEN & GRILL), 1956 JEROME LLC (D/B/A KENNEDY CHICKEN AND GRILL), 2475 FOOD LLC (D/B/A KENNEDY CHICKEN AND GRILL), ABDUL KAYUM, NAZIR A YUSUFZAI A.K.A AHMAD, and PABLO HERNANDEZ CALDERON,

Defendants.

------------------------------------------ X

Case No.: 1:25-cv-02377-ALC

**FACT AFFIRMATION OF ABDUL KAYUM**

I, Abdul Kayum, affirm under penalty of perjury as follows:

1. I am a defendant in this action and a prior member of 921 Pizza LLC. I submit this declaration based on my personal knowledge and my review of the books and records of the company. I am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of the defendants' 1051 Food Corp., 1051 Ogden LLC, 2487 Jerome LLC, A&Z Fast Food LLC , 919 Fast Food Corp., 921 Pizza LLC, 1956 Jerome LLC, 2475 Food LLC, Abdul Kayum, and Nazir A Yusufzai A.K.A. Ahmad (hereinafter the "Defendants") motion to disqualify Plaintiffs' counsel.

3. The Complaint contains numerous unfounded allegations against the Defendants, including misrepresentations regarding the Plaintiffs' employer, the duration of their employment, and the hours they allegedly worked.

4. A central figure to these misrepresentations is Pablo Jesus Hernandez Calderon, who is named as a co-defendant but engaged Plaintiffs' counsel to represent him in this lawsuit. A true and accurate copy of Mr. Calderon's consent to join as plaintiff is annexed hereto as **Exhibit "A"**.

5. Mr. Calderon was the majority member of 921 Pizza LLC, holding a 95% ownership interest at all times relevant to the Complaint, until October 2023. True and accurate copies of the 2021 and 2022 Schedule K-1s for 921 Pizza LLC are collectively annexed hereto as **Exhibit "B"**.

6. During the same period, I held a 5% membership interest in 921 Pizza LLC.

7. In October 2023, Mr. Calderon and I entered into an agreement exchanging a 25% interest in 1051 Odgen LLC for an additional 20% interest in 921 Pizza LLC.

8. Following this transaction, Mr. Calderon held a 75% membership interest while I held a 25% membership interest in 921 Pizza LLC.

9. I was a completely silent partner in 921 Pizza LLC; at all times relevant to the Complaint, Mr. Calderon exclusively managed and operated 921 Pizza LLC.

10. At no time relevant to the allegations in the Complaint did I have any involvement in the management of the company, including but not limited to hiring, firing, training, or any other operational responsibilities.

11. Based on the date of his executed engagement form, it appears that Mr. Calderon began communicating with Plaintiffs' counsel regarding this action on or about February 15, 2024. See, **Ex. A**.

12. This timing is significant, as it occurred just days after Mr. Calderon ceased operations at 921 Pizza LLC on February 10, 2024—the only business identified in the Complaint that employed the Plaintiffs.

13. Thereafter, on March 5, 2024, Mr. Calderon and I entered into an agreement to dissolve 921 Pizza LLC (the "Agreement"). A true and correct copy of the Agreement is annexed hereto as **Exhibit "C"**.

14. Notably, on or about March 1, 2024, while finalizing the terms of the Agreement, I requested possession of 921 Pizza LLC's employee timecards.

15. Mr. Calderon informed me that he had discarded all such records following the closure of the business.

16. At no time prior to executing the Agreement did Mr. Calderon disclose his engagement with Plaintiffs' counsel or any intention to initiate litigation involving the business.

17. While I was disappointed by his decision to discard the only available employee time records, I had no reason at the time to suspect ulterior motives.

18. As a result of Mr. Calderon's actions and his undisclosed involvement with Plaintiffs' counsel, the Complaint now contains allegations that are impossible to properly defend against.

19. Mr. Calderon's consent to join the action as a plaintiff raises serious concerns about the good faith basis for the claims asserted and the propriety of naming the remaining defendants.

20. His dual role—as both a former owner and a cooperating party with Plaintiffs' counsel—combined with his exclusive access to and destruction of relevant records, has severely prejudiced the remaining Defendants' ability to mount a defense.

21. In fact, his conduct appears calculated to shift liability onto me and obscure his own involvement.

22. Based on the foregoing, I respectfully request that the Court grant the motion to disqualify Plaintiffs' counsel and impose appropriate sanctions, including an award of attorneys' fees and costs.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: July 28, 2025
New York, New York

Abdul Kayum
Abdul Kayum (Jul 28, 2025 13:12:50 EDT)

Abdul Kayum