UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

AGUSTIN HERNANDEZ LOPEZ, ANGEL YOVANI HERRERA RIVERA, JEVER VELAZQUEZ CARDOSO, JOSE LUIS VAZQUEZ ANASTACIO, JUAN ANASTACIO MARTINEZ, JUAN LEON MORALES, and ROBERTO VALLADARES HUERTA, *individually and on behalf of others similarly situated*,

Plaintiffs,

-against-

1051 FOOD CORP. (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 1051 OGDEN LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), JEROME FRIED CHICKEN CORP (D/B/A KENNEDY CHICKEN AND PIZZA), 2487 JEROME LLC (D/B/A KENNEDY CHICKEN AND PIZZA), A&Z FAST FOOD LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 919 FAST FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 PIZZA LLC (D/B/A KENNEDY CHICKEN & GRILL), 1956 JEROME LLC (D/B/A KENNEDY CHICKEN AND GRILL), 2475 FOOD LLC (D/B/A KENNEDY CHICKEN AND GRILL), ABDUL KAYUM, NAZIR A YUSUFZAI A.K.A AHMAD, and PABLO HERNANDEZ CALDERON,

Defendants.

-------------------------------------------X

Case No.: 1:25-cv-02377-ALC

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' 1051 FOOD CORP., 1051 OGDEN LLC, 2487 JEROME LLC, A&Z FAST FOOD LLC , 919 FAST FOOD CORP., 921 PIZZA LLC, 1956 JEROME LLC, 2475 FOOD LLC, ABDUL KAYUM, and NAZIR A YUSUFZAI MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

**DAVIDOFF HUTCHER & CITRON LLP**
Joseph Diego Taylor, Esq.
Andreas Koutsoudakis, Esq.
605 Third Avenue
New York, New York 10158
Tel.: (212) 557-7200
Fax: (212) 286-1884

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

PRELIMINARY STATEMENT ..... 1

RELEVANT FACTUAL/PROCEDURAL HISTORY ..... 2

ARGUMENT ..... 2

I. Legal Standard ..... 2

II. Disqualification is Necessary to Preserve the Integrity of the Judicial Process ..... 5

III. Prior Representation of Adverse Parties in the Same Matter Is Prima Facie Improper ..... 6

IV. The Witness-Advocate Rule Disqualifies Plaintiffs' Counsel ..... 7

V. Plaintiffs' Counsel May Have Aided and Abetted Fraud on the Court ..... 9

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Beverly Hills Teddy Bear Co. v Best Brands Consumer Products, Inc.*,
1:19-CV-3766-GHW,2020 WL 7342724 [SDNY Dec. 11, 2020] .......... 10
*Su v Sotheby's, Inc.*,
17-CV-4577 (VEC), 2021 WL 3537189 [SDNY Aug. 11, 2021] .......... 3, 8
955 F.2d 820 [2d Cir. 1992] .......... 8
*Am. Intern. Group, Inc. v Bank of Am. Corp.*,
827 F Supp 2d 341 [SDNY 2011] .......... 6
*Amusement Indus. v. Stern*,
657 F Supp 2d 458 [SDNY 2009] .......... 2
*Cinema 5, Ltd. v Cinerama, Inc.*,
528 F2d 1384 [2d Cir 1976] .......... 5
*Evans v Artek Sys. Corp.*,
715 F2d 788 [2d Cir 1983] .......... 6
*Hempstead Video, Inc. v Inc. Vil. of Val. Stream*,
409 F3d 127 [2d Cir 2005] .......... 6
*Matter of Gilly*,
206 F Supp 3d 940 [SDNY 2016] .......... 9
*Matter of Giuliani*,
197 AD3d 1 [1st Dept 2021] .......... 3
*Merck Eprova AG v ProThera, Inc.*,
670 F Supp 2d 201 [SDNY 2009] .......... 2
*Murray v Metro. Life Ins. Co.*,
583 F3d 173 [2d Cir 2009] .......... 8
*Purgess v. Sharrock*,
33 F.3d 134 [2d Cir. 1994] .......... 8
*W. T. Grant Co. v Haines*,
531 F2d 671 [2d Cir 1976] .......... 2

Rules

Rule 3.3 of the New York Rules of Professional Conduct .......... 3,4,9, 10
Rule 8.4 of the New York Rules of Professional Conduct .......... 3,4,9, 10
Rules 1.9 of the New York Rules of Professional Conduct .......... 3,4,6,7
Rules 3.7 of the New York Rules of Professional Conduct .......... 3,4,7,8,9

This Memorandum of Law is respectfully submitted in support of defendants 1051 FOOD CORP., 1051 OGDEN LLC, 2487 JEROME LLC, A&Z FAST FOOD LLC , 919 FAST FOOD CORP., 921 PIZZA LLC, 1956 JEROME LLC, 2475 FOOD LLC, ABDUL KAYUM, and NAZIR A YUSUFZAI A.K.A Ahmad (hereinafter the "Moving Defendants") motion seeking the disqualification of Plaintiffs counsel.

**PRELIMINARY STATEMENT**

This motion seeks the disqualification of Plaintiffs' counsel, Faillace & Associates and Michael Faillace, Esq. (collectively, "Counsel" or "Plaintiffs' Counsel"), on the grounds that their prior representation of Pablo Jesus Hernandez Calderon—now named as a Defendant in this action—creates an impermissible conflict of interest that threatens to taint the integrity of these proceedings. Counsel previously represented Mr. Calderon in connection with the very allegations now asserted in the Complaint. Their subsequent decision to name him as a Defendant, without full disclosure to the Court or opposing parties, is ethically indefensible and undermines the fairness of this litigation.

It is well established that an attorney's knowledge of a former client's confidences is imputed to the firm and presumed to carry forward. That Mr. Calderon appears to have played a central role in initiating this litigation should have raised immediate ethical red flags for Counsel. Instead, they attempted to quietly disengage from Mr. Calderon through a vague, two-sentence draft letter—one that was neither contemporaneously disclosed nor included with the Complaint. The belated production of this letter, only after the inadvertent inclusion of Mr. Calderon's Consent Form in the Complaint filing, raises serious concerns about Counsel's candor and transparency.

Absent this error, the Court and the Moving Defendants would have remained unaware of Counsel's prior representation of Mr. Calderon—an omission that would have placed Moving Defendants at a significant and unfair disadvantage. The appearance of impropriety, coupled with the risk of trial taint, compels disqualification to preserve the integrity of these proceedings and the public's confidence in the judicial

process.

## RELEVANT FACTUAL/PROCEDURAL HISTORY

Plaintiffs filed this action on March 31, 2025, alleging wage and hour violations under the FLSA and NYLL. The complaint, filed by CSM Legal, P.C., includes a plaintiff-consent form (the "Consent Form") listing Pablo Jesus Hernandez Calderon as a party plaintiff. However, Calderon is also named as a Defendant and was a majority owner of the sole corporate defendant that these Plaintiffs ever worked for.

This dual role is not a clerical error—it is a fundamental breach of ethical obligations. Calderon is alleged to have destroyed employment records and intimidated witnesses, conduct that may constitute fraud on the court. Plaintiffs' counsel's inclusion of Calderon as a plaintiff, despite his adverse interests, raises serious questions about their knowledge and participation in this misconduct.

## ARGUMENT

### I. Legal Standard

Federal courts have the authority to disqualify counsel, a power that stems from their inherent ability to preserve the integrity of the adversarial process. The party seeking disqualification bears a heavy burden of proof. See, *Amusement Indus. v. Stern*, 657 F Supp 2d 458, 460 [SDNY 2009]. When ruling on a motion to disqualify counsel, the court must balance a client's right to freely choose their counsel against the need to uphold the highest professional standards, as articulated in *Merck Eprova AG v ProThera, Inc.*, 670 F Supp 2d 201, 207 [SDNY 2009]. Disqualification is justified when the attorney's conduct is likely to taint the underlying trial. See, *W. T. Grant Co. v Haines*, 531 F2d 671, 677 [2d Cir 1976]["The business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it"].

While Second Circuit precedent is the only truly binding authority, the New York State Rules of Professional Conduct (hereinafter the "RPC") are considered highly persuasive in disqualification matters. See, *Su v Sotheby's, Inc.*, 17-CV-4577 (VEC), 2021 WL 3537189, at *2 [SDNY Aug. 11, 2021]["[T]he only truly binding authority on disqualification issues is [Second] Circuit precedent," but the New York State Rules of Professional Conduct are "highly persuasive authority."] Under the RPC, attorneys are held to high standards of honesty, impartiality, and professional integrity. The RPC sets forth rules pertaining to attorney conduct in connection with the representation of parties to litigation, as well as an attorney's duty of candor with the Court.

RPC Rules 1.9 and 3.7 prohibit representation that is adverse to a prior client in the same or substantially related matter, or where the attorney is likely to be a witness in the action on a significant issue of fact. See, RPC 1.9 ["A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."]; RPC 3.7 ["A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact…"].

RPC Rules 8.4 and 3.3 prohibit lawyers from engaging in dishonest conduct and requires lawyers correct any misrepresentations. See, RPC Rule 8.4(c) ["A lawyer or firm shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, …"]; RPC 3.3(a)(1) ["A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"]. Importantly, these rules encompass attorney conduct "both inside and outside of the courtroom." *Matter of Giuliani*, 197 AD3d 1, 6 [1st Dept 2021].

Plaintiffs' counsel has violated multiple ethical mandates, each of which independently warrants disqualification. Most notably, Counsel failed to amend the Complaint or otherwise inform the Court that it asserts claims against a former client—Pablo Jesus Hernandez Calderon—in a matter directly related to

the subject of their prior representation. This omission constitutes a knowing violation of RPC Rules 3.3 and 8.4(c) of the Rules of Professional Conduct, as it involves a material misrepresentation by omission to the tribunal.

This is not a mere oversight. Counsel's failure to disclose their prior representation of Mr. Calderon—despite asserting claims against him based on the same operative facts—reflects a deliberate attempt to obscure a clear and irreconcilable conflict of interest. Under Rule 1.9, such successive representation is impermissible where, as here, the interests of the former client are materially adverse to those of the current clients in a substantially related matter. This conflict is nonconsentable and cannot be waived.

Moreover, based on the facts currently known, it appears that Plaintiffs' counsel may be a material witness in this case, particularly with respect to communications and conduct involving Mr. Calderon that may bear on the veracity of the claims or potential fraud upon the Court. This implicates Rule 3.7, which prohibits an attorney from acting as both advocate and witness in the same proceeding where their testimony is likely to be necessary and adverse to their client's position.

Crucially, the Court need not find that every element of each Rule of Professional Conduct has been met to grant disqualification. The central inquiry is whether Counsel's conduct has "tainted the trial." Here, the inclusion of Mr. Calderon's signed Consent Form—mistakenly filed with the Complaint—and Counsel's subsequent admission that they previously represented him in connection with these very claims, is sufficient to meet that standard. The resulting prejudice to the Moving Defendants, and the risk of undermining the integrity of the adversarial process, is both real and substantial.

The violations of RPC Rules 1.9, 3.3, 3.7, and 8.4(c) collectively establish a compelling basis for disqualification. To preserve the fairness of these proceedings and maintain public confidence in the judicial process, the Court should grant this motion in its entirety.

## II. Disqualification is Necessary to Preserve the Integrity of the Judicial Process

Plaintiffs' counsel must be disqualified due to the appearance of impropriety arising from representing a party adverse to a former client in the same matter, particularly where the facts suggest potential fraud on the court. Courts have consistently held that even the appearance of divided loyalties is sufficient to warrant disqualification. In *Cinema 5, Ltd. v. Cinerama, Inc.*, the Second Circuit emphasized that "attorneys must avoid even the appearance of representing conflicting interests," recognizing that the integrity of the adversarial system depends on the public's trust in the impartiality and loyalty of legal representation. *Cinema 5, Ltd. v Cinerama, Inc.*, 528 F2d 1384, 1387 [2d Cir 1976].

Here, there is no dispute that Plaintiffs' counsel represents several parties that are – at least on paper – adverse to a former client in the very same matter. This alone undermines the integrity of the adversarial process. But the concern goes further: the facts suggest that Plaintiffs' counsel may have knowingly included a party (Calderon) and delayed commencement of this action in a manner that misrepresents his role and conceals his potential liability, raising serious questions of candor and possible fraud. If proven, such conduct would not only violate ethical rules but would destroy trust in the judicial process. Even without definitive proof of fraud at this stage, the appearance of impropriety is undeniable. The filed Complaint contains the executed Consent Form which Plaintiffs' counsel asserts is not a conflict. This is patently false. The conflict is not speculative—it is apparent from the record—and it casts doubt on counsel's ability to proceed without compromising the fairness of the litigation.

Plaintiffs' counsel must be disqualified. The representation of a party directly adverse to a former client in the same matter, coupled with facts suggesting potential fraud, creates an appearance of impropriety that the courts have consistently found intolerable. Disqualification is necessary to preserve the integrity of the proceedings and maintain public confidence in the justice system.

## III. Prior Representation of Adverse Parties in the Same Matter Is Prima Facie Improper

Plaintiffs' counsel must be disqualified under RPC Rule 1.9(a) because they previously

represented a client whose interests are now materially adverse to those of the Plaintiffs in this action. The ethical prohibition against such representation is clear: where an attorney represents a new client in a matter substantially related to a prior representation, and the new client's interests are materially adverse to the former client's, the conflict is prima facie improper and disqualification is required unless the former client gives informed consent, confirmed in writing.

RPC Rule 1.9 "is designed to protect the former client's confidences, which the attorney is presumed to have acquired in the course of his representation" by prohibiting representation of a client "whose interests are adverse to a former client in a substantially related matter, absent consent from the former client after full disclosure. *Am. Intern. Group, Inc. v Bank of Am. Corp.*, 827 F Supp 2d 341, 345 [SDNY 2011]. Importantly, "[a]n attorney's conflicts are ordinarily imputed to his firm on the presumption that 'associated' attorneys share confidences. *Hempstead Video, Inc. v Inc. Vil. of Val. Stream*, 409 F3d 127, 133 [2d Cir 2005]; <u>see also</u>, RPC Rule 1.10(a). Courts will presume that the attorney shares his confidences with the firm, and so an attorney's successive representation risks disqualification of his firm as well. *Id.* at 133.

In matters involving representation adverse to a prior client, the Second Circuit has "held that an attorney may be disqualified if: (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." *Evans v Artek Sys. Corp.*, 715 F2d 788, 791 [2d Cir 1983].

Here, Plaintiffs' counsel previously represented Defendant Calderon, who – at all times relevant to the Complaint – held a majority of the ownership interest and **<u>total</u>** managerial control over 921 Pizza LLC, the sole corporate defendant that the Plaintiffs could truthfully allege they were employed by. As the owner and sole manager of 921 Pizza LLC, his representation by Plaintiffs' counsel is indisputably

imputed onto 921 Pizza LLC, given Defendant Calderon's unique access to all of 921 Pizza LLC's private records and privileged information that the law imputes knowledge of on Plaintiffs' counsel. That prior representation involved the same operative facts and legal issues now at issue in this litigation. The conflict is not speculative—it is direct and central to the litigation. Counsel's failure to disclose the prior representation or seek informed consent from the former client only compounds the impropriety.

Because Plaintiffs' counsel has engaged in representation materially adverse to a former client in the same matter, in clear violation of Rule 1.9(a), and because the conflict is neither waivable nor curable under the circumstances, disqualification is both necessary and appropriate to preserve the integrity of the proceedings and uphold the ethical standards of the profession.

## IV. The Witness-Advocate Rule Disqualifies Plaintiffs' Counsel

Plaintiffs' counsel must be disqualified under RPC Rule 3.7 because counsel is likely to be a necessary witness on significant factual issues in this litigation. RPC Rule 3.7(a) prohibits a lawyer from acting as an advocate in a matter where the lawyer is likely to be a witness on a significant issue of fact, and Rule 3.7(b) extends that disqualification to other attorneys in the same firm when the testifying lawyer's involvement may prejudice the client. The risks addressed by this rule—confusion of the fact-finder, prejudice to the opposing party, and compromised credibility—are directly implicated here. Because Plaintiffs' counsel's anticipated testimony concerns material facts central to the claims and defenses in this case—including potential knowledge of confidential information relating to 921 Pizza LLC and possibly other Moving Defendants—and may be directly adverse to their clients' interests, disqualification is not merely appropriate, but necessary. The risk of prejudice, combined with the ethical implications under Rule 3.7, compels removal of Counsel to preserve the integrity of these proceedings.

RPC Rule 3.7(a) provides that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." This rule is designed to prevent confusion for the tribunal, avoid prejudice to the opposing party, and preserve the integrity of the fact-

finding process. The Second Circuit has explained that the risks include: "(1) the lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position when she has to cross-examine her lawyer-adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused." *Murray v Metro. Life Ins. Co.*, 583 F3d 173, 178 [2d Cir 2009]

Rule 3.7(b) extends this disqualification to other attorneys in the same firm when the testifying lawyer's involvement may be prejudicial to the client. However, disqualification under Rule 3.7(b) is warranted only when the concerns motivating the rule are "at their most acute". *Su v. Sotheby's, Inc.*, 17-CV-4577 (VEC), 2021 WL 3537189, at *2 [SDNY Aug. 11, 2021]. Courts also require that the attorney's testimony be "necessary" to the matter. *Purgess v. Sharrock*, 33 F.3d 134, 144 [2d Cir. 1994].

Here, Plaintiffs' counsel is likely to be a necessary witness on key factual issues central to this litigation. These issues include the truthfulness of the allegations, efforts to defraud the Court and the Moving Defendants, recruitment and retention of potential plaintiffs, involvement in the destruction of records of 921 Pizza LLC, potential disclosure of confidential information of the Moving Defendants, and the circumstances surrounding the filing of the Complaint. These are not peripheral matters; they go to the heart of Moving Defendants' anticipated counterclaims and defenses, including potential fraud on the court. As such, the concerns underlying Rule 3.7(a)—credibility, bias, and confusion—are directly implicated. Moreover, because the testimony is likely to be adverse to Plaintiffs' interests, Rule 3.7(b)(3) imputes the disqualification to the entire firm. This is not a speculative or premature concern; the factual record already indicates that counsel's testimony will be both material and adverse. As the Second Circuit noted in Pierce v. F.R. Tripler & Co., when an attorney's testimony is likely to necessitate rebuttal or implicate credibility, disqualification is appropriate to preserve fairness and avoid prejudice. 955 F.2d

820, 828 [2d Cir. 1992].

Because Plaintiffs' counsel is likely to be a necessary witness on significant and contested factual issues, and because that testimony may be prejudicial to the client, disqualification under Rule 3.7(a) and (b) is mandatory. The risks identified by the Second Circuit—confusion, prejudice, and compromised credibility—are present here and justify disqualification of both the individual attorney and the firm.

### V. Plaintiffs' Counsel May Have Aided and Abetted Fraud on the Court

Plaintiffs' counsel must be disqualified under RPC Rules 3.3 and 8.4(c) of the New York Rules of Professional Conduct for knowingly failing to correct material misrepresentations and for participating in conduct that constitutes fraud on the court. The inclusion of Calderon as a defendant—despite his initial involvement in the creation of the Plaintiffs' claims and his destruction of evidence—reflects either actual knowledge or willful blindness by Plaintiffs' counsel to a material conflict and potential fraud. Their failure to correct the record or withdraw from representation constitutes substantial assistance in furthering that fraud.

RPC Rule 3.3(a)(1) prohibits attorneys from knowingly making false statements of fact or law to a tribunal and requires them to correct any such statements previously made. RPC Rule 8.4(c) further prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—regardless of whether the conduct was knowing or intentional. Though, to the extent this Court requires a showing of "venal intent", counsels refusal to withdraw or advise the court of its improper representation of a defendant suffices to show venal intent. See, *Matter of Gilly*, 206 F Supp 3d 940, 944 [SDNY 2016][Holding that in the context of the Professional Code, venal intent means "scienter, deceit, intent to mislead, or knowing failure to correct misrepresentations."]

These rules are designed to preserve the integrity of judicial proceedings and ensure that attorneys do not assist in misleading the court. "A fraud on the court occurs where a party: (1) improperly

influence[s] the trier, (2) unfairly hamper[s] the presentation of the opposing party's claim or defense, (3) lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process, or (4) knowingly submit[s] fraudulent documents to the Court." *Beverly Hills Teddy Bear Co. v Best Brands Consumer Products, Inc.*, 1:19-CV-3766-GHW, 2020 WL 7342724, at *16 [SDNY Dec. 11, 2020][internal quotations omitted].

The record supports an inference of dishonesty and misrepresentation that directly implicates the standards set forth in RPC Rule 3.3, which prohibits knowingly false statements or omissions, and RPC Rule 8.4(c), which prohibits any conduct involving deceit or misrepresentation, **regardless of intent**. These actions also meet the criteria for fraud on the court, as outlined in Beverly Hills Teddy Bear Co., by unfairly hampering the Moving Defendants' ability to present their defense and misleading the tribunal on central factual issues. Disqualification is therefore not only appropriate—it is necessary to preserve the integrity of the proceedings. *Id.* Most notably, the Moving Defendants are unfairly hampered in presenting their defense, as Calderon destroyed the only records that could refute the claims and he is the only individual who could plausibly be liable for the claims asserted, yet he maintains a past or potentially ongoing relationship with Plaintiffs' counsel. This relationship, coupled with counsel's silence, distorts the truth-finding process and undermines the fairness of the proceedings.

Plaintiffs' counsel must be disqualified under RPC Rules 3.3 and 8.4(c) for failing to correct material misrepresentations and for participating in conduct that constitutes fraud on the court. The facts already before the Court demonstrate a breakdown in candor and fairness that no reasonable observer could ignore. Disqualification is necessary to preserve the integrity of the judicial process and to prevent further prejudice to Moving Defendants.

## CONCLUSION

For the foregoing reasons, Moving Defendants respectfully requests that this Court disqualify Faillace & Associates and Michael Faillace, Esq. from further representation of Plaintiffs in this matter,

and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 28, 2025

**DAVIDOFF HUTCHER & CITRON LLP**

By: ________________________________

Joseph Diego Taylor, Esq.
Andreas Koutsoudakis, Esq.
*Attorneys for Defendants*
*1051 FOOD CORP., 1051 OGDEN LLC, 2487 JEROME LLC, A&Z FAST FOOD LLC , 919 FAST FOOD CORP., 921 PIZZA LLC, 1956 JEROME LLC, 2475 FOOD LLC, ABDUL KAYUM, and NAZIR A YUSUFZAI*
605 Third Avenue
New York, New York 10158
Tel.: (646) 428-3113
Tel: (646) 428-3235
Fax: (212) 286-1884
Email: jdt@dhclegal.com
Email: aak@dhclegal.com