**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

AGUSTIN HERNANDEZ LOPEZ, ANGEL YOVANI HERRERA RIVERA, JEVER VELAZQUEZ CARDOSO, JOSE LUIS VAZQUEZ ANASTACIO, JUAN ANASTACIO MARTINEZ, JUAN LEON MORALES, and ROBERTO VALLADARES HUERTA, *individually and on behalf of others similarly situated,*

Case No.: 1:25-cv-02377

*Plaintiffs,*

-against-

1051 FOOD CORP. (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 1051 OGDEN LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), JEROME FRIED CHICKEN CORP (D/B/A KENNEDY CHICKEN AND PIZZA), 2487 JEROME LLC (D/B/A KENNEDY CHICKEN AND PIZZA), A & Z FAST FOOD LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 919 FAST FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 PIZZA LLC (D/B/A KENNEDY CHICKEN & GRILL), 1956 JEROME LLC (D/B/A KENNEDY CHICKEN AND GRILL), 2475 FOOD LLC (D/B/A KENNEDY CHICKEN AND GRILL), ABDUL KAYUM, NAZIR A YUSUFZAI A.K.A. AHMAD, and PABLO HERNANDEZ CALDERON,

*Defendants.*

---------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

*/s/ Robert Jun*
Robert Jun
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10065
Tel: (212) 317-1200
Fax: (212) 317-1620

Plaintiffs, by their attorneys Michael Faillace & Associates, P.C. ("Faillace & Associates"), submit this memorandum of law in opposition to Defendants' motion to disqualify Faillace & Associates from continuing to serve as Plaintiffs' attorneys in this action.

## PRELIMINARY STATEMENT

Plaintiffs, by their attorneys Michael Faillace & Associates, P.C. ("Faillace & Associates"), submit this memorandum of law in opposition to Defendants' motion to disqualify Faillace & Associates from continuing to serve as Plaintiffs' attorneys in this action.

## ARGUMENT

### I. Legal Standard

The Second Circuit holds that disqualification of counsel is "warranted" where:

(1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client. *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227 (2d Cir. 2016) (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)); accord. N.Y. Rules of Prof. Conduct 1.9(a).5. "Disqualification of an attorney is only appropriate where there has been a clear violation of the Code of Professional Responsibility leading to a 'significant risk of trial taint.'" *Shabbir*, 443 F. Supp. 2d at 305 (quoting *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981)). "Such a risk exists when 'the attorney is in a position to use privileged information acquired in the representation [*6] of a client against that client in another matter' or when 'there is significant risk that the conflict will affect

the attorney's ability to represent his or her client with vigor.'" Id. (quoting *Universal City Studios, Inc. v. Reimerdes*, 98 F.Supp. 2d 449, 455 (S.D.N.Y. 2000)). The objective of a disqualification rule is to "preserve the integrity of the adversary process." In *re Agent Orange Prod. Liab. Litig*., 800 F.2d 14, 18 (2d Cir. 1986) (quoting *Bd. of Educ. of the City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)).

In deciding a motion to disqualify, courts often seek guidance from the American Bar Association (ABA) and state disciplinary rules, though "such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132-33 (2d Cir. 2005) (citing *Bd. of Educ. v. Nyquist*, 590 F.2d at 1246). We must always remember that the standard of professional conduct in federal courts is a matter of federal law. *Shabbir v. Pakistan Int'l Airlines*, 443 F.Supp.2d 299, 305 (E.D.N.Y. 2005) (citing In re *Snyder,* 472 U.S. 634, 645 n. 6, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985) . . . . [)].

Although district courts have discretion to disqualify attorneys, disqualification "is a 'drastic measure' that is viewed with disfavor in this Circuit." *Ritchie v. Gano*, 2008 U.S. Dist. LEXIS 67770, *6, 2008 WL 4178152 (S.D.N.Y. Sept. 8, 2008). "Unless there is a risk of taint to a court proceeding, courts are quite hesitant to disqualify an attorney from representing his client in litigation." *Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC*, 542 F. Supp. 2d 296, 306 (S.D.N.Y. 2008).

"Courts are reluctant to grant such motions because they are often tactically motivated . . . and have an immediate adverse effect on the client by separating him from counsel of his choice." *Id.* (quoting *D.R.T., Inc. v. Universal City Studios, Inc.,* 02 Civ. 0958(BSJ)(JCF), 2003 U.S. Dist. LEXIS 6861, 2003 WL 1948798, at *2-3 (S.D.N.Y. Apr. 24, 2003)); *see also Ritchie*,

2008 U.S. Dist. LEXIS 67770, *6 ("The principal reason is that disqualification of counsel impinges on a party's right to employ the counsel of choice").

Additionally, "courts are also reluctant to grant motions to disqualify because they inevitably result in delay and added expense." *Med. Diagnostic Imaging*, 542 F.Supp.2d at 307. Relatedly, "disqualification for violations of ethical rules may impede the pursuit of meritorious litigation to the detriment of the justice system." *United States v. Quest Diagnostics, Inc.*, 734 F.3d 154, 166 (2d Cir. 2013).

For these reasons, the Second Circuit holds that "courts must balance these competing concerns by limiting remedies for ethical violations to those necessary to avoid 'taint[ing] the underlying trial.'" *Id.* (quoting *Bd. of Ed. of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). Therefore, "a party seeking disqualification must meet a high standard of proof before the motion may be granted." *Ritchie*, 2008 U.S. Dist. LEXIS 67770, *6-*7. Accordingly, "[t]he Second Circuit has instructed district courts to take a 'restrained approach that focuses primarily on preserving the integrity of the trial process' when deciding disqualification motions." *Id.*, 2008 U.S. Dist. LEXIS 67770, *7 (quoting *Armstrong v. McAlpin,* 625 F.2d 433, 444 (2d Cir. 1980), *vacated on other grounds,* 449 U.S. 1106, 101 S. Ct. 911, 66 L. Ed. 2d 835 (1981)).

## II. Plaintiffs' Counsel did not violate any of the New York Rules of Professional Conduct

### a. RPC Rule 8.4(c) and RPC Rule 3.3(a)(1)

RPC Rule 8.4(c) states that, "A lawyer or law firm shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

RPC Rule 3.3(a)(1) states that, "A lawyer shall not knowingly make a false statement of

fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

Defendants argue that this office failed to "inform the Court that it asserts claims against a former client – Pablo Jesus Hernandez Calderon--- in a matter directly related to the subject of their prior representation." However, this is false. CSM Legal, P.C. attached the signed consent to sue document to the Complaint, informing the Court of any attorney-client relationship that may have existed. See Exhibit B of Robert Jun's Declaration. At all times, Plaintiffs' counsel was transparent, and did not hide the ball. Furthermore, when Plaintiffs' counsel found out that Defendant Calderon was a defendant in this matter, a letter was promptly mailed to him informing him that this office would not be representing him in this matter. See Exhibit A of Robert Jun's Declaration. Moreover, all of these events transpired prior to the filing of the Complaint.

In addition, Defendants' argument that somehow this office could be a material witness in this case is completely speculative. Defendant Calderon's intake was done by a paralegal at the previous firm, who is no longer employed at this office. See paragraphs 4-6 of Catalina Sojo's Declaration. Furthermore, Defendants have failed to establish that Michael Faillace & Associates, P.C., and its attorneys thereof have any testimony to offer that is likely to be necessary and adverse to the Plaintiffs' position. Indeed, Defendants have failed to specify any testimony which could be necessary and adverse to Plaintiffs' position. This is not surprising given that Defendant Calderon isn't even represented by Defendants' counsel. Similarly, Defendants' argument that Plaintiffs' counsel may have perpetrated fraud on this Court by instructing Defendant Calderon to destroy records is false, preposterous, and reckless to say the least. Interestingly enough, Defendant Kayum's affidavit doesn't elaborate as to whether the

Plaintiffs were required to clock in or clock out, and whether they actually kept and maintained time records. We are left in the dark regarding how extensive these records were, and how helpful it would have been for the Defendants. It could very well be that the "records" alluded to in Defendant Kayum's affidavit amount to a single page of a day's worth of time records.

Moreover, any arguments that the length of time between the intake and the filing of the Complaint is suggestive of fraud is ridiculous. Instead, the length of time is explained by the high number of plaintiffs and defendants, the need to conduct proper due diligence, along with turnover in staffing. See paragraphs 2-8 of Catalina Sojo's Declaration.

In addition, Defendants' reliance on *Cinema 5, Ltd. V. Cinerama, Inc.,* 528 F2d 1384 [2d Cir 1976] is misplaced because that case is distinguishable I that it involves a scenario where a client was simultaneously represented by two different firms in two separate cases, where an attorney was a partner in both of the these firms. In that case, the same client was represented as a plaintiff in one case, and as a defendant in another case, both cases which were pending before the United States District Court for the Western District of New York.

**b. RPC Rule 1.9(a)**

RPC Rule 1.9(a) states that, "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

Defendants' argument that Plaintiffs' counsel violated Rule 1.9 is now a moot point. This office does not represent Defendant Calderon. At most, that purported representation lasted between the February 15, 2024 intake, and the February 20, 2024 letter sent by CSM Legal, P.C. informing Defendant Calderon that the firm would not be representing him. See Paragraphs 6-7

of Catalina Sojo's Declaration. This period of time only lasted 5 days. Moreover, Defendants fail to establish that the interests of the Plaintiffs are materially adverse to that of Defendant Calderon.

Furthermore, Defendants' reliance on *Evans v. Artek Sys. Corp.* actually undermines Defendants' position here, as the Second Circuit has held that an attorney may be disqualified if the moving party is a former client of the adverse party's counsel. Here in our case, Defendant Calderon is not represented by Defendants' counsel.

Moreover, while Defendants claim in their memorandum of law that 921 Pizza LLC was, "the sole corporate defendant that the Plaintiffs could truthfully allege they were employed by," this detail is missing from Defendant Kayum's affidavit. See pg. 8 of Defendants' Memorandum of Law. Furthermore, Defendant Kayum's affidavit has a glaring inconsistency that causes one to question its veracity. Defendant Kayum states in paragraph 3 of his affidavit that, "The Complaint contains numerous unfounded allegations against the Defendant, including misrepresentations regarding the Plaintiffs' employer, the duration of their employment, and the hours they allegedly worked." See Kayum Affidavit, paragraph 3. However, Defendant Kayum then goes on to state that he was a "completely silent partner in 921 Pizza LLC; at all times relevant to the Complaint, Mr. Calderon exclusively managed and operated 921 Pizza LLC." See Kayum Affidavit, paragraph 9. The affidavit further goes on to the state that, "At no time relevant to the allegations in the Complaint did I have any involvement in the management of the company, including but not limited to hiring, firing, training, or any other operational responsibilities." See Kayum Affidavit, paragraph 10. However, if all this is true, then it begs the question how Defendant Kayum could know about the duration of the Plaintiffs employment, and the hours they worked, as he claims in paragraph 3. See Kayum Affidavit, paragraph 3.

Furthermore, Defendants only provide the K-1 statements for 2021 and 2022, where the Complaint makes allegations regarding Plaintiffs' employment from 2019 until 2024. Interestingly, there have been no K-1 statements provided prior to 2021, and for the year 2023 or 2024. These circumstances beg the question why Defendant Kayum would request for Defendant 921 Pizza LLC's employee timecards if he was indeed only a silent partner of Defendant 921 Pizza LLC throughout the relevant time period. See Kayum Affidavit, paragraphs 9, 14. In addition, the fact that the Partnership Dissolution Agreement provided by Defendants provides for only $25,000 to be paid to Defendant Calderon in exchange for his ownership stake in the company suggests that Defendant Calderon is really not a true owner of Defendant 921 Pizza LLC, but rather an employee who happens to be a manager.

For the foregoing reasons, Defendants' motion should be denied in its entirety.

## CONCLUSION

For the reasons stated above and in the accompanying declarations, this Court should deny Defendants' motion to disqualify in its entirety.

Dated: New York, New York
August 25, 2025

*/s/ Robert Jun*
Robert Jun
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, NY 10165
(212) 317-1200
*Attorneys for Plaintiffs*