UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

AGUSTIN HERNANDEZ LOPEZ, ANGEL YOVANI HERRERA RIVERA, JEVER VELAZQUEZ CARDOSO, JOSE LUIS VAZQUEZ ANASTACIO, JUAN ANASTACIO MARTINEZ, JUAN LEON MORALES, and ROBERTO VALLADARES HUERTA, *individually and on behalf of others similarly situated*,

Plaintiffs,

-against-

1051 FOOD CORP. (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 1051 OGDEN LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), JEROME FRIED CHICKEN CORP (D/B/A KENNEDY CHICKEN AND PIZZA), 2487 JEROME LLC (D/B/A KENNEDY CHICKEN AND PIZZA), A&Z FAST FOOD LLC (D/B/A KENNEDY FRIED CHICKEN AND PIZZA), 919 FAST FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 FOOD CORP. (D/B/A KENNEDY CHICKEN & GRILL), 921 PIZZA LLC (D/B/A KENNEDY CHICKEN & GRILL), 1956 JEROME LLC (D/B/A KENNEDY CHICKEN AND GRILL), 2475 FOOD LLC (D/B/A KENNEDY CHICKEN AND GRILL), ADBUL KAYUM, NAZIR A YUSUFZAI A.K.A AHMAD, and PABLO HERNANDEZ CALDERON,

Defendants.

-------------------------------------------X

Case No.: 1:25-cv-02377-ALC

**MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF**
**DEFENDANTS MOTION TO DISQUALIFY**

**DAVIDOFF HUTCHER & CITRON LLP**
Joseph Diego Taylor, Esq.
Andreas Koutsoudakis, Esq.
605 Third Avenue
New York, New York 10158
Tel.: (212) 557-7200
Fax: (212) 286-1884

## TABLE OF CONTENTS

INTRODUCTION ........................................ 3
ARGUMENT ........................................ 3
I. Disqualification is Warranted ........................................ 3
A. Counsel's Appearance of Impropriety Is Self-Evident ........................................ 4
B. The Record Establishes the Need for Disqualification ........................................ 4
II. Plaintiffs' Counsel is Likely a Necessary Witness ........................................ 6
CONCLUSION ........................................ 7

## INTRODUCTION

Defendants submit this Reply Memorandum in response to Plaintiffs' Memorandum of Law in Opposition to the Motion to Disqualify Plaintiffs' Counsel, Faillace & Associates, P.C. Defendants seek disqualification due to a clear and disqualifying conflict of interest arising from Faillace & Associates' prior representation of Defendant Pablo Jesus Hernandez Calderon in this very matter. This conflict threatens the integrity of the proceedings, clearly taints any potential trial, and violates the ethical standards governing attorney conduct.

## ARGUMENT

### I. DISQUALIFICATION IS WARRANTED

For the avoidance of doubt, the Court should take judicial notice of the fact that, but for Defendants highlighting the issue, Plaintiffs' Counsel made no effort to disclose their prior representation of Defendant Pablo Jesus Hernandez Calderon in this very action. This omission was not addressed in the Complaint, nor did counsel proactively attempt to establish the absence of prejudice until Defendants brought it to light. The risk of trial taint is manifest. Plaintiffs' counsel's attempt to downplay the seriousness of this conflict only underscores the need for disqualification.

The Second Circuit has long adhered to two foundational principles in attorney disqualification matters. First, that "attorneys must avoid even the appearance of representing conflicting interests" (*Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 [2d Cir. 1976]); and second, that "any doubt is to be resolved in favor of disqualification" (Hull v Celanese Corp., 513 F2d 568, 571 [2d Cir 1975]).

**A. *Counsel's Appearance of Impropriety Is Self-Evident***

The Second Circuit has consistently held that even the appearance of divided loyalties is sufficient to warrant disqualification . Plaintiffs' counsel's representation of parties directly adverse to a former client in the same matter creates an undeniable appearance of impropriety. This alone undermines the integrity of the adversarial process and necessitates disqualification to preserve public confidence in the justice system. See, Gen. Motors Corp. v City of New York, 501 F2d 639, 641 [2d Cir 1974]["disqualification is required to 'avoid even the appearance of professional impropriety.'"][quoting A.B.A. Code of Professional Responsibility, Canon 9].

The record reflects troubling conduct by Plaintiffs' counsel. The consent form was inadvertently disclosed, and the disengagement letter was vague and only produced after the accidental public filing. These actions raise serious concerns under RPC Rule 3.3 (candor to the tribunal) and RPC Rule 8.4(c) (dishonesty).

Counsel's attempt to minimize the seriousness of the conflict is unpersuasive. Rule 1.9 assumes the existence of confidential information from a prior representation. Plaintiffs' counsel has failed to dispel concerns regarding privileged information obtained from Defendant Calderon—especially given the 13-month delay in filing this action, during which such information could have been used to shape litigation strategy.

**B. *The Record Establishes the Need for Disqualification***

Rule 1.9(a) of the New York Rules of Professional Conduct prohibits an attorney from representing a new client in a matter that is substantially related to a prior representation if the new client's interests are materially adverse to the former client, absent informed written consent.

Here, Plaintiffs' counsel previously represented Defendant Calderon, the majority owner and sole manager of 921 Pizza LLC—the principal corporate defendant. That representation involved the same operative facts and legal issues now at issue. The conflict is direct and central.

As the court stated in *T.C. Theatre Corp. v. Warner Bros. Pictures*, 113 F. Supp. 265, 268 (S.D.N.Y. 1953):

> "Where any substantial relationship can be shown between the subject matter of a former representation and that of a subsequent adverse representation, the latter will be prohibited."

Additionally, the Second Circuit's prior rulings only cement the need for disqualification in this action. In Mitchell v. Metro. Life Ins. Co., the court emphasized that the "significant risk of trial taint" is "commonly encountered where the attorney is at least ***potentially*** in a position to use privileged information concerning the other side through prior representation…, thus giving his present client an unfair advantage." *Mitchell v Metro. Life Ins. Co., Inc.*, 01 CIV. 2112 (WHP), 2002 WL 441194, at *4 [SDNY Mar. 21, 2002][emphasis added][internal quotations and citations omitted]; see also, "That risk is encountered when an attorney represents one client in a suit against another client, in violation of Canon 5, ***or might benefit a client in a lawsuit by using confidential information about an adverse party obtained through prior representation of that party***, in violation of Canon 4" *Glueck v. Jonathan Logan, Inc.*, 653 F2d 746, 748 [2d Cir. 1981][emphasis added][internal quotations and citations omitted].

Plaintiffs' counsel has not produced any written informed consent from Calderon. The brief duration of the prior representation does not negate the conflict; Rule 1.9 imposes

no minimum time threshold. The adversity is actual and ongoing, as Plaintiffs' claims directly implicate Calderon's conduct.

Moreover, Plaintiffs' argument regarding prejudice and delay is unconvincing. Counsel waited approximately 13 months to file this action, despite knowing that the main corporate defendant had ceased operations. Under the FLSA, the statute of limitations is two years absent proof of willfulness. Plaintiffs' counsel has already prejudiced their clients' case through delay.

Accordingly, Defendants have established a compelling basis for disqualification.

## II. PLAINTIFFS' COUNSEL IS LIKELY A NECESSARY WITNESS

Rule 3.7(a) prohibits a lawyer from acting as an advocate in a matter where the lawyer is likely to be a necessary witness on a significant issue of fact. Plaintiffs' counsel may be required to testify regarding communications with Calderon and the handling of documents, including potential destruction of records. This testimony concerns material facts central to the litigation and may be adverse to their clients' interests.

Each of the risks set forth in Murray v. Metro Life Ins. Co., are present in this action. See, *Murray v Metro. Life Ins. Co.*, 583 F3d 173, 178 [2d Cir 2009]. The opposition to this motion establishes the fact that the risk of the lawyer vouching for their own credibility. *Id*. There is simply no discernable excuse that genuinely supports Counsel's position, except self-preservation. The case law is irrefutable and without a doubt establishes disqualification in this Action. Counsel's efforts to downplay the risk of prejudice evinces the lengths they will go for their clients (whether or not that still includes Defendant Calderon), establishing the second risk. *Murray*, 583 F3d at 178. Furthermore, allowing Counsel to remain on this Action will place Defendants' attorneys in a very difficult

position of having to cross-examine Counsel, which on its own is sufficient to support disqualification. However, it only adds to the likelihood that the issue would clearly confuse the jury. Thus establishing the remaining risks the Second Circuit outlined when deciding to disqualify an attorney under the witness-advocate rule.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant the motion to disqualify Plaintiffs' counsel, Faillace & Associates, P.C. in its entirety.

Dated: September 1, 2025
New York, New York

**DAVIDOFF HUTCHER & CITRON LLP**

By: ______________________________
Joseph Diego Taylor, Esq. (JT2497)
Andreas Koutsoudakis, Esq.
Attorneys for Moving Defendants
605 Third Avenue
New York, New York 10158
Tel.: (646) 428-3113
Tel.: (646) 428-3235
Fax: (212) 286-1884
Email: jdt@dhclegal.com
Email: aak@dhclegal.com