USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __2/19/26_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                          :

**AGUSTIN HERNANDEZ LOPEZ,**
*individually and on behalf of others similarly*
*situated*, et al.,

                       **Plaintiffs,**

            -against-

**1051 FOOD CORP.,** *doing business as*
*KENNEDY FRIED CHICKEN AND PIZZA*,
et al.,

                       **Defendants.**

------------------------------------------------------------ x

**1:25-cv-02377 (ALC)**

**<u>OPINION AND ORDER</u>**

**ANDREW L. CARTER, JR., United States District Judge:**

Currently pending before the Court is Defendants' motion to disqualify Faillace &

Associates and Michael Faillace from representing Plaintiffs in this matter. For the reasons

discussed below, Defendants' motion is **GRANTED IN PART**.

**BACKGROUND**

I.      **Factual History**

Plaintiffs Agustin Hernandez Lopez, Angel Yovani Herrera Rivera, Jever Velazquez

Cardoso, Jose Luis Vazquez Anastacio, Juan Anastacio Martinez, Juan Leon Morales, and

Roberto Valladares Huerta, individually and on behalf of others similarly situated (collectively

"Plaintiffs"), bring this suit against Defendants 1051 Food Corp. (d/b/a/ Kennedy Fried Chicken

and Pizza), 1051 Odgen LLC (d/b/a Kennedy Fried Chicken and Pizza), Jerome Fried Chicken

Corp. (d/b/a Kennedy Chicken and Pizza), 2487 Jerome LLC (d/b/a Kennedy Chicken and

Pizza), A & Z Fast Food LLC (d/b/a Kennedy Fried Chicken and Pizza), 919 Fast Food Corp.

1

(d/b/a Kennedy Chicken & Grill), 1956 Jerome LLC (d/b/a Kennedy Chicken and Grill), 2475 Food LLC (d/b/a/ Kennedy Chicken and Grill) ("Defendant Corporations"), Abdul Kayum, Nazir A Yusufzai a.k.a. Ahmad, and Pablo Hernandez Calderon ("Individual Defendants") (collectively, "Defendants"). *See* ECF No. 1 at 2.

Plaintiffs are former employees of Defendants who own, operate, or control fast food restaurants under the names of "Kennedy Fried Chicken and Pizza", located at 1051 Ogden Avenue, Bronx, NY 10452, and 35 E 170 Street, Bronx, NY 10452, "Kennedy Chicken and Grill", located at 919 E 174th Street, Bronx, NY 10460, and 13A East Tremont Ave., Bronx, NY 10453, "Kennedy Chicken and Pizza", located at 2487 Jerome Avenue, Bronx, NY 10468, and "Kennedy Fried Chicken", located at 921 174th Street, Bronx, NY 10460. *See* ECF No. 1 at 2-3. Plaintiffs were employed as pizza makers, food preparers, cooks, a counter person, a cashier, and a dishwasher at the above-named restaurants. *See* ECF No. 1 at 3. Plaintiffs allege the Individual Defendants serve or served as owners, managers, principals, or agents of the Defendant Corporations. *See* ECF No. 1 at 3.

Plaintiffs bring this suit against Defendants for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1983, 29 U.S.C. § 201 *et seq.* ("FLSA") and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL") and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6.

Specifically, Plaintiffs allege they "worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked." *See* ECF No. 1 at 3. Plaintiffs further allege Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for

any hours worked either at a straight rate of pay or for any additional overtime premium, failed to pay Plaintiffs wages on a timely basis, and failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day. *See* ECF No. 1 at 3. Lastly, Plaintiffs allege Defendants "maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations." *See* ECF No. 1 at 4.

## II.      Procedural History

On March 21, 2025, Plaintiffs filed their complaint initiating this action. *See* ECF No. 1. Included in the complaint is a consent form from Plaintiff's counsel's law firm signed by Pablo Hernandez Calderon on February 15, 2024, indicating his consent to join the lawsuit as a party plaintiff. *See* ECF No 1. at 40. On June 3, 2025, counsel representing all Defendants but Jerome Fried Chicken Corp., 921 Food Corp., and Pablo Hernandez Calderon (collectively, the "Moving Defendants") filed a letter motion with the Court requesting a pre-motion conference in anticipation of filing a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 11 and 12(b). *See* ECF No. 47. Plaintiffs submitted a letter in opposition on June 4, 2025. *See* ECF No. 50. On June 23, 2025, the Court held a pre-motion conference to discuss the issues further and granted the Moving Defendants leave to file a motion to disqualify Plaintiffs counsel. *See* ECF No. 55. On July 28, 2025, the Moving Defendants filed a motion to disqualify counsel for Plaintiffs. *See* ECF No. 60, 63. On August 25, 2025, Plaintiffs filed their opposition brief. *See* ECF No. 66. On September 1, 2025, the Moving Defendants filed their reply brief. *See* ECF No. 67.

The Moving Defendants' motion seeks disqualification of Faillace & Associates and Michael Faillace, Esq. (collectively, "Plaintiffs' Counsel") on the grounds that their prior representation of Pablo Hernandez Calderon—named as a Defendant in this action—creates an impermissible conflict of interest that threatens to taint the integrity of these proceedings. *See* ECF No. 63 at 4. Specifically, the Moving Defendants argue that Plaintiffs' counsel should be disqualified on the following three grounds: (1) prior representation of adverse parties in the same matter is prima facie improper, (2) the witness-advocate rule disqualifies plaintiffs' counsel, and (3) plaintiffs' counsel may have aided and abetted fraud on the court. *See* ECF No. 63.

On December 18, 2025, the Court ordered defense counsel for the Moving Defendants to submit a letter to the Court indicating whether Individual Defendant Pablo Hernandez Calderon had been served and whether counsel represents Calderon. *See* ECF No. 68. The same day, defense counsel submitted a letter to the Court indicating they only represent the Moving Defendants and that Calderon was never served to their knowledge. *See* ECF No. 69. Shortly thereafter, Plaintiffs filed proof with the Court that Calderon was served on May 24, 2025 and filed a letter indicating that the affirmation of service was not filed on the docket until December 18, 2025 due to "office oversight." *See* ECF Nos. 70, 71.

## STANDARD OF LAW

### I.      Disqualification

A motion to disqualify an attorney is well within the broad discretion of the court and derives from the inherent power of the federal courts to "preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. Of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. Of Educ. V. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). In exercising this power, Courts must balance "a client's right freely to choose his counsel" against "the need to maintain

the highest standards of the profession." *See Hempstead Video, Inc.*, 409 F.3d at 132 (quoting *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)). Because disqualification may seriously impact a party's right to choose their own attorney, such action should only be taken when continued representation may pose a significant risk of taint on the trial. *See Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981).

The Second Circuit has recognized that disqualification is largely appropriate only in two kinds of cases: (1) where an attorney's conflict of interest undermines the Court's confidence in the vigor of the attorney's representation of his client, or, more commonly, (2) where the attorney is potentially in a position to use a client's privileged information against them. *Bd. Of Educ. v. Nyquist*, 590 F.2d at 1246. Outside of these two situations, the Second Circuit has "shown considerable reluctance to disqualify attorneys." *Id*. Motions to disqualify are generally viewed with disfavor, and the party seeking disqualification must meet a high standard of proof. *See Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d. Cir. 1983).

In deciding motions to disqualify, federal courts look to state disciplinary rules, the American Bar Association's Code of Professional Responsibility, and the Model Rules of Professional Conduct for guidance. *See Hempstead Video, Inc.*, 509 F.3d at 132. However, such rules "merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead Video, Inc.*, 509 F.3d at 132. Indeed, disqualification is only warranted where an "attorney's conduct tends to taint the underlying trial" as there are federal and state disciplinary mechanisms to deal with ethical violations otherwise. *Bd. Of Educ. v. Nyquist*, 590 F.2d at 1246. (internal quotations and citations omitted).

**DISCUSSION**

**I.        Disqualification Based on Successive Representation**

The Second Circuit has recognized that one form of trial taint "arises when an attorney places himself in a position where he could use a client's privileged information against that client." *Hempstead Video, Inc.*, 409 F.3d at 133. The standard for disqualification under these circumstances depends on whether the representation is concurrent or successive. *See id.* at 133. In cases of successive representation, the Second Circuit in *Evans v. Artek Sys. Corp.* set forth the classic test for when disqualification is warranted and held an attorney may be disqualified where:

> (1) the moving party is a former client of the adverse party's counsel;
> (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
> (3) the attorney whose disqualification is sought had access to, or was likely to have access to, relevant privileged information in the course of his prior representation of the client.

*Evans v. Artek Sys. Corp.*, 715 F.2d at 791. The first prong is satisfied here as Pablo Hernandez Calderon signed a consent form with Plaintiff's counsel's law firm indicating his consent to join this lawsuit as a party plaintiff. *See* ECF No. 1 at 40.  This is sufficient to establish Mr. Calderon, one of the Defendants, as a former client of Plaintiff's counsel.

"A substantial relationship exists where facts pertinent to the problems underlying the prior representation are relevant to the subsequent representation." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 239 (2d Cir. 2016) (internal quotations and citations omitted). There exists a substantial relationship "when the relationship between the issues in the prior and present cases is patently clear . . . [and when] the issues involved have been 'identical' or 'essentially the same.'" *Jackson Hole Burger, Inc. v. Est. of Galekovic*, 686 F. Supp. 3d 272, 278 (S.D.N.Y. 2023) (quoting *Gurniak v. Emilsen*, 995 F. Supp. 2d 262, 272 (S.D.N.Y. 2014). The

prior representation of Mr. Calderon by Plaintiff's counsel involves the exact same claims and case. Thus, it is evident that the issues between the prior and subsequent representations are identical, establishing a substantial relationship here.

The substantial relationship test "permits a court to assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation." *Mitchell v. Metro. Life Ins. Co.*, No. 01-CV-2112, 2002 WL 441194, at *5 (S.D.N.Y. Mar. 21, 2002) (internal quotation and citation omitted). Thus, "[o]nce a substantial relationship between the cases is established, where the same individual lawyer participated in the prior and current representation, the movant is not required to make a specific showing that confidences were passed to counsel. . . . the movant is entitled to the benefit of an irrebuttable presumption that confidences were shared." *United States v. Prevezon Holdings Ltd.*, 839 F.3d at 240 (internal citations and quotations omitted). Given this irrebuttable presumption, element three is satisfied here.

## CONCLUSION

Defendants' motion to disqualify is hereby **GRANTED IN PART**. Specifically, the individual lawyer who represented Pablo Hernandez Calderon is disqualified from representing Plaintiffs. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 60.

**SO ORDERED.**

**Dated:  February 19, 2026**
     **New York, New York**

_____
      **ANDREW L. CARTER, JR.**
      **United States District Judge**