**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

**AGUSTIN HERNANDEZ LOPEZ,** ***individually and on behalf of others similarly situated*****, et al.,**

**Plaintiffs,**

**-against-**

**1051 FOOD CORP.,** ***doing business as KENNEDY FRIED CHICKEN AND PIZZA*****, et al.,**

**Defendants.**

---------------------------------------------------------- x

**1:25-cv-02377 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On February 19, 2026, this Court issued its Opinion and Order ruling on Defendants' motion to disqualify counsel for Plaintiffs. *See* ECF No. 72. Specifically, the Court held that "the individual lawyer who represented Pablo Hernandez Calderon is disqualified from representing Plaintiffs." *See id*. That same day, this Court issued an Order to Show Cause ("OSHOW") to Plaintiffs on why Michael Faillace and the entire law firm of Michael Faillace & Associates, P.C. should not be disqualified. *See* ECF No. 73. The Court specifically directed Plaintiffs to address the question of vicarious disqualification. *See id*. Plaintiffs submitted their response to the OSHOW on March 5, 2026, and Defendants submitted their response on March 12, 2026. *See* ECF Nos. 74, 75.[1]

[1] On March 18, 2026, Plaintiffs submitted a letter motion to strike Defendants' reply and accompanying affidavit and exhibit. *See* ECF No. 77. Plaintiffs argue these filings "are an improper attempt [by Defendants' to refile their motion for disqualification, which was already decided by this Court." *See id*. Plaintiffs request the Court "disregard and strike the filings from the docket." *See id*. In the OSHOW, the Court directed that Defendants could file a reply brief. Even so, the Court recognizes that some arguments in Defendants' brief could be construed to be outside the

The question before the Court is whether the conflict from the lawyer who represented Mr. Calderon should be imputed to Michael Faillace and the entire law firm of Michael Faillace & Associates, P.C.. In its prior ruling, the Court found that Mr. Calderon, one of the Defendants in this matter, was a former client of Plaintiffs' counsel. *See* ECF No. 72 at 6. "'An attorney's conflicts are ordinarily imputed to his firm based on the presumption that associated attorneys share client confidences' but 'the presumption that confidences are shared within a firm' is rebuttable." *Jackson Hole Burger, Inc. v. Est. of Galekovic*, 686 F. Supp. 3d 273, 280 (S.D.N.Y. 2023) (citing *Hempstead Video, Inc. v. Inc. Vill. Of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005) (internal quotations marks omitted)). "'When evaluating whether this presumption of shared confidences has been rebutted, [c]ourts should inquire on the facts of the case before them whether the practices and structures in place are sufficient to avoid disqualifying taint.'" *Id*. at 280-81 (citing *Victorinox AG v. The B&F Sys., Inc.*, 200 F. Supp. 3d 423, 426 (S.D.N.Y. 2016) (internal quotation marks omitted)).

Plaintiffs' response to the Court's OSHOW contains no new information relevant to the inquiry of whether there are sufficient practices and structures in place to avoid disqualifying taint. Rather, Plaintiffs provide substantially the same information previously provided to the Court in briefing the last disqualification motion. *See* ECF No. 74 at 5 ("As per Ms. Sojo's Declaration, and a review of our records, the intake of Mr. Calderon was done on February 15, 2024, but upon realizing that he was a potential defendant, we sent two letters, one in English and another in Spanish, informing him that we would not be representing him going forward."). Plaintiffs' counsel frame the inquiry at hand here to be "whether this office has material information relating to the brief representation of Mr. Calderon that can be used to [his]

---

scope of vicarious disqualification. Accordingly, the Court will deny Plaintiffs motion but nonetheless disregard Defendants filings.

disadvantage." *See* ECF No. 74 at 5. Plaintiffs' argument appears to be based on a reliance on Model Rules of Professional Responsibility 1.10(b)(2) which provides that "[w]hen a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by a formerly associated lawyer and not currently represented by the firm, unless. . . any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter." Even if the primary inquiry was whether the firm has material information that can be used to Mr. Calderon's disadvantage, it is not enough that Plaintiffs' counsel simply states Mr. Calderon's file does not contain material information. This conclusory, self-serving generalization, without more, is insufficient. There is not even a mention of what categories of information were discussed with Mr. Calderon.

Plaintiffs' counsel also cites to Model Rules of Professional Conduct 1.10(a)(2) which provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so" unless "the prohibition is based on Rule 1.9(a) or (b) and arises out of the disqualified lawyer's association with a prior firm." While Plaintiffs' cite to this rule, they do not discuss its applicability further. In the Court's prior opinion on disqualification, the Court disqualified the individual lawyer who represented Mr. Calderon. This disqualification should be imputed to the rest of the firm unless one of the exceptions applies. While Plaintiffs' seem to reply on the exception under Rule 1.10(a)(2), this exception also requires that "the disqualified lawyer is timely screened from any participation in the matter" along with other requirements. *See* Model Rules of Professional Conduct 1.10(a)(2)(i). Thus, the primary question is whether there were sufficient structures in place to prevent the sharing of information that would taint the proceedings. Plaintiffs' counsel,

Mr. Faillace, fails to address this question or provide such evidence. Specifically, Mr. Faillace fails to point to any screening measures put into place at the firm, including when any screen may have been imposed, who specifically was screened, and whether access to Mr. Calderon's file was restricted. To the contrary, Mr. Faillace acknowledges that the firm has retained access to Mr. Calderon's file and even reviewed it, despite the conflict. *See* ECF No. 74 at 5-6 ("[O]ur office has reviewed our records, and the only information we obtained from Mr. Calderon is what is reflected in our intake. A review of our intake indicates no information that can materially be used to the disadvantage of Mr. Calderon."). Accordingly, the Court finds that imputation is appropriate here and that Michael Faillace and the entire law firm of Michael Faillace & Associates, P.C. should be disqualified from representing Plaintiffs. Plaintiffs have thirty (30) days to retain new counsel. The parties should file a joint status report by **November 17, 2026**.

**SO ORDERED.**

**Dated: September 29, 2026**
**New York, New York**

Andrew L Carter Jr

**ANDREW L. CARTER, JR.**
**United States District Judge**